United States District Court
Southern District of Texas
ENTERED
November 17, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | | |
|---|---|---|
| **BELLOUAD AJAMAH,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01431** |
| | § | |
| **MARKWAYNE MULLIN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is Petitioner Bellouad Ajamah's ("Petitioner") Motion to Enforce the Court's Order, (Dkt. 11), moving the Court to enforce its August 27, 2026 Order, (Dkt. 9). On August 27, 2026, the Court granted in part Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), and ordered Respondents to provide Petitioner with an individualized custody review before an Immigration Judge (IJ) at which the Government bore the burden of proving, by clear and convincing evidence, that Petitioner presents a risk of flight or a danger to the community within 7 days, or else release Petitioner. (Dkt. 9.)

On September 12, 2026, Petitioner filed a Motion to Enforce the Court's August 27, 2026 Order, alleging that she was denied bond on September 3, 2026 and that the custody review did not comply with the Court's Order and the Due Process Clause of the Fifth Amendment. (Dkt. 11 at 1.) Petitioner argues that her bond hearing was not individualized; that the IJ failed to hold the Department of Homeland Security (DHS) to the clear and convincing evidence standard, and that DHS did not prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community; that the IJ did not consider the availability of alternatives to detention and conditions

of supervision, in accordance with the Court's August 27, 2026 Order; and that the IJ did not conduct factfinding based on a disclosed record. (*Id.* at 5–6.)

On September 14, 2026, the Court ordered Respondents to file a supplemental notice supporting their position that the bond hearing held on September 3, 2026, complies with the Court's August 27, 2026 Order and provide a transcript or recording of the bond proceedings and copy of the accompanying evidentiary submissions to the Court, or immediately release Petitioner from custody. (Dkt. 12.) On September 21, 2026, Respondents filed supplemental briefing, (Dkt. 13), and a transcript of the hearing with the Court, (Dkt. 13, Attach. 1).[1] Respondents argue that the September 3, 2026 bond hearing complies with the Court's August 27, 2026 Order because the IJ considered all the evidence on the record, DHS demonstrated by clear and convincing evidence that Petitioner is a flight risk, and that Petitioner's individualized bond hearing met all of the Court's requirements. (Dkt. 13 at 2–3.)

The Court has reviewed the recording of the bond hearing and the evidence provided and finds the September 3, 2026 bond hearing complies with the Court's conditional writ, which required a constitutionally adequate bond hearing at which the Government would bear the burden of establishing Petitioner's dangerousness or flight risk through clear and convincing evidence. Upon review of the bond hearing recording, the IJ found that the Petitioner was a flight risk after properly stating the burden and considering the evidence presented by the Government, including that Petitioner has remained in detention since she entered the United States without inspection in December of 2024; that she did not have a fixed address in the United States; that there was limited information about Petitioner's family ties; and that there was limited and insufficient information

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

of Petitioner's employment history. (Dkt. 13, Attach. 1 at 7–8.) The IJ also found that the present procedural posture of Petitioner's case "materially supports [DHS's] position that [Petitioner] is a flight risk" because Petitioner was ordered removed by an IJ on August 25, 2025. (*Id.*) The IJ further determined that the conclusion of Petitioner's proceedings before an IJ "reduce[d] the practical incentives that are ordinarily associated with appearing for ongoing removal proceedings" and "increase[d] the risk of noncompliance with future removal-related obligations" if Petitioner's pending Board of Immigration Appeals (BIA) appeal were to be dismissed. (*Id.*)

Indeed, the Court has the power to enforce a conditional habeas writ. *See Hootkhil v. Rio Grande Detention Center*, 2026 WL 2089545, at *2–4 (S.D. Tex. July 14, 2026). However, there is no indication that the IJ failed to comply with the Court's August 27, 2026 Order. Regardless of whether the Court agrees with the IJ's determination, the Court lacks the authority to interfere by reweighing the underlying evidence to decide whether Petitioner is a flight risk. *See Alvarez Perez v. Warden, El Paso Service Processing Center*, 2026 WL 1954891, at *1 (W.D. Tex. May 14, 2026) (denying the petitioner's motion to enforce after finding the IJ complied with the court's order and declining to reweigh the evidence presented before the IJ regarding the petitioner's risk of flight); *see also Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) ("[D]istrict courts do not have jurisdiction to review discretionary decisions made by an IJ regarding bond[.]") Because the IJ complied with the Court's August 27, 2026 Order, the Court must deny Petitioner's Emergency Motion to Enforce.

## CONCLUSION

Accordingly, Petitioner's Motion to Enforce the Court's Habeas Order, (Dkt. 11), is **DENIED**.

IT IS SO ORDERED.

SIGNED this November 17, 2026.

Diana Saldaña
United States District Judge